# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

## Civil Cover Sheet

| For Prothonotary Use Only (Docket Number) |
| --- |
| **JUNE 2024** |
| E-Filing Number: 2406007384 |

**00486**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| GLADYS SOTO | OTIS ELEVATOR COMPANY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| 216 LIMA STREET<br>PHILADELPHIA PA 19120 | 30 TWOSOME DRIVE SUITE 4<br>MOORESTOWN NJ 08057 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| MICHAEL SOTO | OTIS WORLDWIDE CORPORATION |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| 216 LIMA STREET<br>PHILADELPHIA PA 19120 | 1 CARRIER PLACE<br>FARMINGTON CT 06032 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| --- | --- |
| | JOHN DOES 1-5 FICTITIOUS DEFENDANT(S) |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
| --- | --- |
| | UNKNOWN ADDRESS<br>UNKNOWN PA 00000 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
| --- | --- | --- |
| 2 | 3 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
| --- | --- | --- | --- |
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

**CASE TYPE AND CODE**

2P - PRODUCT LIABILITY

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY**<br><br>JUN 04 2024<br><br>**C. SMITH** | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES  NO |
| --- | --- | --- |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: GLADYS SOTO , MICHAEL SOTO

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
| --- | --- |
| LARISSA K. STASZKIW | 547 E. WASHINGTON AVE.<br>NEWTOWN PA 18940 |

| PHONE NUMBER | FAX NUMBER | |
| --- | --- | --- |
| (215)550-6553 | (215)550-6557 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
| --- | --- |
| 318362 | lstaszkiw@swartzculleton.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
| --- | --- |
| LARISSA STASZKIW | Tuesday, June 04, 2024, 11:31 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**SWARTZ CULLETON PC**
By: Brandon A. Swartz, Esquire
Identification No. 78344
bswartz@swartzculleton.com
By: Larissa K. Staszkiw, Esquire
Identification No. 318362
lstaszkiw@swartzculleton.com
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557

Attorneys for Plaintiffs
Gladys Soto and Michael Soto



| | | |
|---|---|---|
| GLADYS SOTO and | : | COURT OF COMMON PLEAS |
| MICHAEL SOTO, w/h | : | PHILADELPHIA COUNTY |
| 216 Lima Street | : | |
| Philadelphia, PA 19120 | : | |
| *Plaintiffs* | : | |
| | : | _____TERM, 2024 |
| v. | : | |
| | : | |
| OTIS ELEVATOR COMPANY | : | |
| 30 Twosome Drive, Suite 4 | : | NO. |
| Moorestown, NJ 08057 | : | |
| -and- | : | |
| OTIS WORLDWIDE CORPORATION | : | |
| 1 Carrier Place | : | |
| Farmington, CT 06032 | : | |
| -and- | : | |
| JOHN DOES 1-10, FICTICIOUS | : | **JURY TRIAL DEMANDED** |
| DEFENDANTS | : | |
| *Defendants* | : | |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA COUNTY BAR ASSOCIATION

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA

Case ID: 240600486

LAWYER REFERRAL AND INFORMATION SERVICE

1101 Market Street, 11th Floor
Philadelphia, PA 19107
Telephone : 215-238-6300

CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR
DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENCIADOS DE PHILADELPHIA
SERVICO DE REFERENCIA E INFORMACION LEGAL

1101 Market Street, 11th Floor
Philadelphia, PA 19107
Telefono : 215-238-6300

Case ID: 240600486

**SWARTZ CULLETON PC**
By: Brandon A. Swartz, Esquire
Identification No. 78344
bswartz@swartzculleton.com
By: Larissa K. Staszkiw, Esquire
Identification No. 318362
lstaszkiw@swartzculleton.com
547 E. Washington Avenue
Newtown, PA 18940
T: (215) 550-6553
F: (215) 550-6557

Attorneys for Plaintiffs,
Gladys Soto and Michael Soto, w/h

| | | |
|---|---|---|
| GLADYS SOTO and<br>MICHAEL SOTO, w/h<br>216 Lima Street<br>Philadelphia, PA 19120<br>   *Plaintiffs* | :<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br><br>     TERM, 2024 |
|   v. | :<br>: | |
| OTIS ELEVATOR COMPANY<br>30 Twosome Drive, Suite 4<br>Moorestown, NJ 08057<br>  -and-<br>OTIS WORLDWIDE CORPORATION<br>1 Carrier Place<br>Farmington, CT 06032<br>  -and-<br>JOHN DOES 1-10, FICTICIOUS<br>DEFENDANTS<br>    *Defendants* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | NO.<br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

1. Plaintiffs, Gladys Soto and Michael Soto, w/h, are adult individuals and citizens of the Commonwealth of Pennsylvania, residing therein at the above-captioned address.

2. Defendant, Otis Elevator Company, was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the State of New Jersey, with a principal place of business at the above-captioned address.

Case ID: 240600486

3. Defendant, Otis Worldwide Corporation, was and is now a business entity, believed to be a corporation, duly organized and existing under the laws of the State of New Jersey, with a principal place of business at the above-captioned address.

4. Defendant, John Does 1-10 (Fictitious Defendant(s)), upon information and belief, are fictitious defendants whose actual identities are unknown despite plaintiff conducting a reasonable search with due diligence pursuant to Pa. R. Civ. P. 2005 for the actual identity(ies) of the individuals, corporations, and/or entities who owned, leased, possessed, maintained, operated and/or controlled the subject elevator described herein and who may be responsible for injuries suffered by the Plaintiffs.

5. Venue exists in Philadelphia County because the incident giving rise to Plaintiffs' claims occurred in Philadelphia County and because one or more of the Defendants regularly and continuously conducts business in Philadelphia County.

6. At all times material hereto, the Defendants acted by and through their respective employees, agents, servants, and/or workmen, who were, in turn, acting within the course and scope of their employment, agency, and/or service for same.

7. At all times material herein, the Defendants, by and through their respective trustees, directors, agents, servants, workmen, employees and/or other representatives, owned, operated, controlled, leased, inspected, possessed, managed, maintained, repaired, and/or were responsible for safety at the premises known as St. Christopher's Hospital for Children located at 160 East Erie Avenue, Philadelphia, PA 19134, including the elevator areas and elevators located within the premises.

8. On or about June 4, 2022, Plaintiff, Gladys Soto, was lawfully on the aforesaid premises known as St. Christopher's Hospital for Children located at 160 East Erie Avenue,

Philadelphia, PA 19134 in the course and scope of her employment with Xanitos, Inc, and was pushing a linen cart into the elevator, when suddenly and without warning, and as a direct result of the defective and/or dangerous condition upon said premises, as Plaintiff was entering the elevator, the elevator door abruptly and forcefully struck her right elbow, causing Plaintiff to sustain various severe and permanent bodily injuries and losses as more fully set forth below.

9. At all times relevant hereto, Defendants, by and through their respective employees, agents, servants, workmen and/or other representatives, was regularly engaged in the business of designing and manufacturing elevators and elevator control systems for a variety of industries and private use, including designing, distributing, assembling, installing, marketing, manufacturing, maintaining, providing safety recommendations, servicing, repairing and/or selling the elevators and the component parts thereto located within the premises of St. Christopher's Hospital for Children, 160 East Erie Avenue, Philadelphia, PA 19134.

10. At all times relevant hereto, Defendants designed, distributed, assembled, installed, inspected, marketed, manufactured, maintained, repaired, serviced, provided safety recommendations and/or sold the elevator systems, and the component parts thereto, and all instruction manuals and associated warnings, located within the premises of St. Christopher's Hospital for Children, 160 East Erie Avenue, Philadelphia, PA 19134.

11. At all times relevant hereto, Defendants maintained, repaired, serviced, and/or provided safety recommendations for the subject elevator system and the component parts thereto, and all instruction manuals and associated warnings, located within the premises of St. Christopher's Hospital for Children, 160 East Erie Avenue, Philadelphia, PA 19134.

**COUNT I**
**GLADYS SOTO v. OTIS ELEVATOR COMPANY**
**PRODUCTS LIABILITY – STRICT LIABILITY**

12.     Plaintiffs hereby incorporate by reference paragraphs one (1) through eleven (11) of the within Complaint, as though the same were set forth fully at length herein.

13.     On or about June 4, 2022, Plaintiff, Gladys Soto, was lawfully on the aforesaid premises known as St. Christopher's Hospital for Children located at 160 East Erie Avenue, Philadelphia, PA 19134 in the course and scope of her employment with Xanitos, Inc, and was pushing a linen cart into the elevator, when suddenly and without warning, and as a direct result of the defective and/or dangerous condition upon said premises, as Plaintiff was entering the elevator, the elevator door abruptly and forcefully struck her right elbow, causing Plaintiff to sustain various severe and permanent bodily injuries and losses as more fully set forth below.

14.     Defendant, Otis Elevator Company, placed into the stream of commerce a defective product that violated the standards created in *Tincher v. Omega Flex,* 104 A.3d 399 (Pa. 2014).  More specifically, the Defendant placed into the stream of commerce a defective product wherein: (a) the danger of the product was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighed the burden or costs of taking precautions.

15.     Defendant, Otis Elevator Company, designed, manufactured, assembled, maintained, installed, marketed, distributed, repaired and/or sold the aforementioned elevator system and/or its component parts, including all instruction manuals and associated warnings, which caused, at least in part, Plaintiff's accident.

Case ID: 240600486

16.    The accident described herein was caused solely and exclusively by Defendant's defective design, installation, maintenance, and/or manufacture of the aforesaid elevator system and its component parts.

17.    Defendant Otis Elevator Company, is strictly liable to Plaintiff as follows:

(a)    designing/manufacturing/distributing/installing/maintaining, and/or selling the subject elevator system, and its component parts in a dangerous condition so as to cause injury to the Plaintiff;

(b)    failing to design, maintain, and/or regulate the subject elevator system and its component parts to timely address and/or safeguard against the elevator's doors abruptly and forcefully slamming shut; failing to timely ensure the elevator doors operated safely and properly when individuals, such as Plaintiff, were maneuvering objects like carts into the elevator;

(c)    failing to properly equip the subject elevator system and its component parts with an appropriate safety mechanism to prevent its elevator doors from slamming shut;

(d)    failing to properly design the subject elevator system and its component parts to warn users when the elevator doors may abruptly and forcefully close;

(f)    creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(g)    failing to exercise the requisite degree of care and caution in the distribution, manufacture, assembly, design, installation, maintenance, and/or sale of the subject elevator system, and its component parts;

(h)    failing to ensure that the subject elevator system and its component parts could be used in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

(i)    failing to warn purchasers and end users of the dangers of the subject product; and

(j)    any other acts or omissions that may be revealed in discovery.

18.    The accident described herein was due in no manner to negligence on the part of the Plaintiff.

19.     At all times relevant hereto, Defendant's aforesaid elevator system and its component parts were defective and unsafe for consumer use.

20.     At all times relevant hereto, there were latent defects in the Defendant's aforesaid elevator system and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

21.     The Defendant distributed and sold the aforesaid elevator system and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

22.     Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

23.     In addition, Defendant, Otis Elevator Company, designed, manufactured, distributed and sold the elevator system with defective warnings and instructions in violation of the Restatement (Second) of Torts § 402(B).

24.     In that regard, the warnings and instructions were not adequately durable, visible, or conspicuous and failed to convey the risk of harm to the intended users of the aforesaid elevator system and its component parts, such as the Plaintiff.

25.     The defective warnings and instructions caused Plaintiff's injuries.

26.     As a result of the aforementioned conduct of Defendant, Plaintiff suffered severe and permanent injuries, including, but not limited to: ulnar neuropathy, right elbow; radial tunnel syndrome, right; cubital tunnel syndrome; carpal tunnel syndrome; contusion and bone lesion, right elbow; as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system.

Case ID: 240600486

27.     As a result of the aforesaid conduct of the Defendant, Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to her great loss and detriment.

28.     As a further result of the aforesaid conduct of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

29.     As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

30.     Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

31.     As a further result of the accident described herein, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

32.     As a further result of the accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

33.     As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

Case ID: 240600486

WHEREFORE, Plaintiff, Gladys Soto, demands judgment against the Defendant, Otis Elevator Company in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT II
## GLADYS SOTO v. OTIS ELEVATOR COMPANY
## PRODUCTS LIABILITY - NEGLIGENCE

34.     Plaintiffs hereby incorporate by reference paragraphs one (1) through thirty-three (33) of the within Complaint as though the same were fully set forth at length herein.

35.     At all times material hereto, Defendant owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in designing and manufacturing the aforesaid elevator system and its component parts, and to sell/distribute that product in a reasonably safe condition.

36.     The Defendant was negligent in designing, manufacturing, assembling, marketing, installing, maintaining, and distributing the defectively designed and manufactured elevator system and its component parts, in general, and in particular consisted of the following:

    (a)    carelessly and negligently distributing, supplying, installing, designing, manufacturing, maintaining, and/or selling the subject elevator system and its component parts in a dangerous condition so as to cause injury to the Plaintiff;

    (b)    carelessly and negligently failing to implement a safe system for ensuring the subject elevator system and its component parts could be used safely;

    (c)    carelessly and negligently failing to recognize the inherent possibility that the subject elevator system and its component parts could malfunction and/or fail;

    (d)    carelessly and negligently failing to properly equip the subject elevator system and its component parts with proper safety equipment;

    (e)    carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

    (f)    failing to exercise the requisite degree of care and caution in the distribution, manufacture, assembly, design, supply, maintenance, lease and/or sale of the said elevator system and its component parts;

Case ID: 240600486

(g)    failing to ensure that the subject elevator system and its component parts could be used in a manner which would not cause danger to potential third parties, such as the Plaintiff;

(h)    failing to warn purchasers and end users of the dangers of the subject elevator system;

(i)    violating the laws of the Commonwealth of Pennsylvania;

(j)    violating the laws of the United States;

(k)    otherwise failing to use due care and caution under the circumstances; and

(l)    such other acts or omissions constituting negligence and/or gross negligence, or wanton conduct, as shall become evident during pretrial discovery and/or at the trial of this case.

37.    The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to negligence on the part of the Plaintiff.

38.    As a result of the aforementioned negligence, the Plaintiff suffered the injuries described in paragraphs twenty-five (25) through thirty-two (32) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Gladys Soto, demands judgment against the Defendant, Otis Elevator Company, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT III
## GLADYS SOTO v. OTIS ELEVATOR COMPANY
## BREACH OF WARRANTY

39.    Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-eight (38) of the within Complaint as though the same were fully set forth at length herein.

40.    As a result of the foregoing, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that the subject elevator system and its component parts was merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

Case ID: 240600486

41.     As a result of the aforementioned breach, the Plaintiff suffered the injuries described in paragraphs twenty-five (25) through thirty-two (32) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Gladys Soto, demands judgment against the Defendant, Otis Elevator Company, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT IV
### GLADYS SOTO v. OTIS ELEVATOR COMPANY
### PRODUCTS LIABILITY - NEGLIGENCE

42.     Plaintiffs hereby incorporate by reference paragraphs one (1) through forty-one (41) of the within Complaint as though the same were fully set forth at length herein.

43.     At all times material hereto, Defendant owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in maintaining servicing, and/or repairing the aforesaid elevator system and its component parts, and to keep the aforesaid elevator system and its component parts in a reasonably safe condition.

44.     The Defendant was negligent in maintaining, servicing, and/or repairing the aforesaid elevator system and its component parts, in general, and in particular consisted of the following:

    (a)     carelessly and negligently maintaining servicing, and/or repairing the aforesaid elevator system and its component parts so as to cause injury to the Plaintiff;

    (b)     carelessly and negligently failing to implement a safe system for ensuring the subject elevator system and its component parts could be used safely;

    (c)     carelessly and negligently failing to recognize the inherent possibility that the subject elevator system and its component parts could malfunction and/or fail;

    (d)     carelessly and negligently failing to properly equip the subject elevator system and its component parts with proper safety equipment;

(e)    carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of the product;

(f)    failing to exercise the requisite degree of care and caution in the maintenance, service, and/or repair of the subject elevator system and its component parts;

(g)    failing to ensure that the subject elevator system and its component parts could be used in a manner which would not cause danger to potential third parties, such as the Plaintiff;

(a) carelessly and negligently failing to inspect the subject elevator system and its component parts in such a manner so as to identify defects and prevent potential bodily injuries to third parties, such as the Plaintiff;

(b) carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety warnings to individuals lawfully on the aforesaid premises;

(c) failing to ensure that the subject elevator could be traversed in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

(d) failing to adequately and timely repair defects to the aforesaid elevator and its component parts;

(e) failing to correct a dangerous and hazardous condition of which the Defendant was aware or should have been aware;

(f) failing to warn people lawfully upon the aforesaid premises, such as the Plaintiff, of the aforesaid dangerous condition;

(g) negligence by virtue of the doctrine of *res ipsa loquitor*; and

(h) negligence by virtue of the doctrine of *respondeat superior*.

45.    The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to negligence on the part of the Plaintiff.

46.    As a result of the aforementioned negligence, the Plaintiff suffered the injuries described in paragraphs twenty-five (25) through thirty-two (32) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Gladys Soto, demands judgment against the Defendant, Otis Elevator Company in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT V
### GLADYS SOTO v. OTIS WORLDWIDE CORPORATION
### PRODUCTS LIABILITY – STRICT LIABILITY

47.    Plaintiffs hereby incorporate by reference paragraphs one (1) through forty-six (46) of the within Complaint, as though the same were set forth fully at length herein.

48.    On or about June 4, 2022, Plaintiff, Gladys Soto, was lawfully on the aforesaid premises known as St. Christopher's Hospital for Children located at 160 East Erie Avenue, Philadelphia, PA 19134 in the course and scope of her employment with Xanitos, Inc, and was pushing a linen cart into the elevator, when suddenly and without warning, and as a direct result of the defective and/or dangerous condition upon said premises, as Plaintiff was entering the elevator, the elevator door abruptly and forcefully struck her right elbow, causing Plaintiff to sustain various severe and permanent bodily injuries and losses as more fully set forth below.

49.    Defendant, Otis Worldwide Corporation, placed into the stream of commerce a defective product that violated the standards created in *Tincher v. Omega Flex,* 104 A.3d 399 (Pa. 2014).  More specifically, the Defendant placed into the stream of commerce a defective product wherein: (a) the danger of the product was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighed the burden or costs of taking precautions.

50.    Defendant, Otis Worldwide Corporation, designed, manufactured, assembled, maintained, installed, marketed, distributed, repaired and/or sold the aforementioned elevator

Case ID: 240600486

system and/or its component parts, including all instruction manuals and associated warnings, which caused, at least in part, Plaintiff's accident.

51.    The accident described herein was caused solely and exclusively by Defendant's defective design, installation, maintenance, and/or manufacture of the aforesaid elevator system and its component parts.

52.    Defendant Otis Worldwide Corporation is strictly liable to Plaintiff as follows:

(a)    designing/manufacturing/distributing/installing/maintaining, and/or selling the subject elevator system, and its component parts in a dangerous condition so as to cause injury to the Plaintiff;

(b)    failing to design, maintain, and/or regulate the subject elevator system and its component parts to timely address and/or safeguard against the elevator's doors abruptly and forcefully slamming shut; failing to timely ensure the elevator doors operated safely and properly when individuals, such as Plaintiff, were maneuvering objects like carts into the elevator;

(c)    failing to properly equip the subject elevator system and its component parts with an appropriate safety mechanism to prevent its elevator doors from slamming shut;

(d)    failing to properly design the subject elevator system and its component parts to warn users when the elevator doors may abruptly and forcefully close;

(f)    creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(g)    failing to exercise the requisite degree of care and caution in the distribution, manufacture, assembly, design, installation, maintenance, and/or sale of the subject elevator system, and its component parts;

(h)    failing to ensure that the subject elevator system and its component parts could be used in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

(i)    failing to warn purchasers and end users of the dangers of the subject product; and

(j)    any other acts or omissions that may be revealed in discovery.

53.    The accident described herein was due in no manner to negligence on the part of the Plaintiff.

54.    At all times relevant hereto, Defendant's aforesaid elevator system and its component parts were defective and unsafe for consumer use.

55.    At all times relevant hereto, there were latent defects in the Defendant's aforesaid elevator system and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

56.    The Defendant distributed and sold the aforesaid elevator system and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

57.    Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

58.    In addition, Defendant, Otis Worldwide Corporation, designed, manufactured, distributed and sold the elevator system with defective warnings and instructions in violation of the Restatement (Second) of Torts § 402(B).

59.    In that regard, the warnings and instructions were not adequately durable, visible, or conspicuous and failed to convey the risk of harm to the intended users of the aforesaid elevator system and its component parts, such as the Plaintiff.

60.    The defective warnings and instructions caused Plaintiff's injuries.

61.    As a result of the aforementioned conduct of Defendant, Plaintiff suffered severe and permanent injuries, including, but not limited to: ulnar neuropathy, right elbow; radial tunnel syndrome, right; cubital tunnel syndrome; carpal tunnel syndrome; contusion and bone lesion,

right elbow; as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system.

62.    As a result of the aforesaid conduct of the Defendant, Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to her great loss and detriment.

63.    As a further result of the aforesaid conduct of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

64.    As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

65.    Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

66.    As a further result of the accident described herein, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

67.    As a further result of the accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

68.     As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Gladys Soto, demands judgment against the Defendant, Otis Worldwide Corporation, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT VI
## GLADYS SOTO v. OTIS WORLDWIDE CORPORATION
### PRODUCTS LIABILITY - NEGLIGENCE

69.     Plaintiffs hereby incorporate by reference paragraphs one (1) through sixty-eight (68) of the within Complaint as though the same were fully set forth at length herein.

70.     At all times material hereto, Defendant owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in designing and manufacturing the aforesaid elevator system and its component parts, and to sell/distribute that product in a reasonably safe condition.

71.     The Defendant was negligent in designing, manufacturing, assembling, marketing, installing, maintaining, and distributing the defectively designed and manufactured elevator system and its component parts, in general, and in particular consisted of the following:

(a)     carelessly and negligently distributing, supplying, installing, designing, manufacturing, maintaining, and/or selling the subject elevator system and its component parts in a dangerous condition so as to cause injury to the Plaintiff;

(b)     carelessly and negligently failing to implement a safe system for ensuring the subject elevator system and its component parts could be used safely;

(c)     carelessly and negligently failing to recognize the inherent possibility that the subject elevator system and its component parts could malfunction and/or fail;

(d)     carelessly and negligently failing to properly equip the subject elevator system and its component parts with proper safety equipment;

(e)     carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

Case ID: 240600486

(f)     failing to exercise the requisite degree of care and caution in the distribution, manufacture, assembly, design, supply, maintenance, lease and/or sale of the said elevator system and its component parts;

(g)     failing to ensure that the subject elevator system and its component parts could be used in a manner which would not cause danger to potential third parties, such as the Plaintiff;

(h)     failing to warn purchasers and end users of the dangers of the subject elevator system;

(i)     violating the laws of the Commonwealth of Pennsylvania;

(j)     violating the laws of the United States;

(k)     otherwise failing to use due care and caution under the circumstances; and

(l)     such other acts or omissions constituting negligence and/or gross negligence, or wanton conduct, as shall become evident during pretrial discovery and/or at the trial of this case.

72.     The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to negligence on the part of the Plaintiff.

73.     As a result of the aforementioned negligence, the Plaintiff suffered the injuries described in paragraphs twenty-five (25) through thirty-two (32) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Gladys Soto, demands judgment against the Defendant, Otis Worldwide Corporation, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

**COUNT VII**
**GLADYS SOTO v. OTIS WORLDWIDE CORPORATION**
**BREACH OF WARRANTY**

74.     Plaintiff hereby incorporates by reference paragraphs one (1) through seventy-three (73) of the within Complaint as though the same were fully set forth at length herein.

75.     As a result of the foregoing, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that the subject elevator system and its component parts was

Case ID: 240600486

merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

76.    As a result of the aforementioned breach, the Plaintiff suffered the injuries described in paragraphs twenty-five (25) through thirty-two (32) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Gladys Soto, demands judgment against the Defendant, Otis Worldwide Corporation, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

**COUNT VIII**
**GLADYS SOTO v. OTIS WORLDWIDE CORPORATION**
**PRODUCTS LIABILITY - NEGLIGENCE**

77.    Plaintiffs hereby incorporate by reference paragraphs one (1) through seventy-six (76) of the within Complaint as though the same were fully set forth at length herein.

78.    At all times material hereto, Defendant owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in maintaining servicing, and/or repairing the aforesaid elevator system and its component parts, and to keep the aforesaid elevator system and its component parts in a reasonably safe condition.

79.    The Defendant was negligent in maintaining, servicing, and/or repairing the aforesaid elevator system and its component parts, in general, and in particular consisted of the following:

    (a)    carelessly and negligently maintaining servicing, and/or repairing the aforesaid elevator system and its component parts so as to cause injury to the Plaintiff;

    (b)    carelessly and negligently failing to implement a safe system for ensuring the subject elevator system and its component parts could be used safely;

Case ID: 240600486

(c)    carelessly and negligently failing to recognize the inherent possibility that the subject elevator system and its component parts could malfunction and/or fail;

(d)    carelessly and negligently failing to properly equip the subject elevator system and its component parts with proper safety equipment;

(e)    carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of the product;

(f)    failing to exercise the requisite degree of care and caution in the maintenance, service, and/or repair of the subject elevator system and its component parts;

(g)    failing to ensure that the subject elevator system and its component parts could be used in a manner which would not cause danger to potential third parties, such as the Plaintiff;

(h)    carelessly and negligently failing to inspect the subject elevator system and its component parts in such a manner so as to identify defects and prevent potential bodily injuries to third parties, such as the Plaintiff;

(i)    carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety warnings to individuals lawfully on the aforesaid premises;

(j)    failing to ensure that the subject elevator could be traversed in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

(k)    failing to adequately and timely repair defects to the aforesaid elevator and its component parts;

(l)    failing to correct a dangerous and hazardous condition of which the Defendant was aware or should have been aware;

(m)    failing to warn people lawfully upon the aforesaid premises, such as the Plaintiff, of the aforesaid dangerous condition;

(n)    negligence by virtue of the doctrine of *res ipsa loquitor*; and

Case ID: 240600486

(o)     negligence by virtue of the doctrine of *respondeat superior*.

80.     The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to negligence on the part of the Plaintiff.

81.     As a result of the aforementioned negligence, the Plaintiff suffered the injuries described in paragraphs twenty-five (25) through thirty-two (32) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Gladys Soto, demands judgment against the Defendant, Otis Worldwide Corporation, in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT IX
### GLADYS SOTO v. JOHN DOES 1-10, FICTITIOUS DEFENDANT(S)
### NEGLIGENCE – PREMISES LIABILITY

82.     Plaintiff hereby incorporates by reference paragraphs one (1) through eighty-one (81) of the within Complaint, as though the same were set forth fully at length herein.

83.     On or about June 4, 2022, Plaintiff, Gladys Soto, was lawfully on the aforesaid premises known as St. Christopher's Hospital for Children located at 160 East Erie Avenue, Philadelphia, PA 19134 in the course and scope of her employment with Xanitos, Inc, and was pushing a linen cart into the elevator, when suddenly and without warning, and as a direct result of the defective and/or dangerous condition upon said premises, as Plaintiff was entering the elevator, the second elevator door abruptly and forcefully struck her right elbow, causing Plaintiff to sustain various severe and permanent bodily injuries and losses as more fully set forth below.

84.     The incident described in the preceding paragraphs of the within Complaint was caused by the negligence and carelessness of the Defendant, John Does 1-10 (fictitious Defendant(s)), by and through its agents, servants, workmen, employees and/or other

Case ID: 240600486

representatives acting within the course and scope of the employment, agency and/or service for the same, generally and in the following particular respects:

    (a) carelessly and negligently allowing the aforesaid elevator doors on the aforesaid premises to be kept in a dangerous condition for a prolonged period of time so as to cause injury to the Plaintiff, more specifically failing to timely address and/or take protective measures, including preventative maintenance, to prevent the elevator from abruptly slamming shut;

    (b) carelessly and negligently failing to inspect the premises in such a manner so as to identify defects and prevent potential bodily injuries to third parties, such as the Plaintiff;

    (c) carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety warnings to individuals lawfully on the aforesaid premises;

    (d) failing to ensure that the premises could be traversed in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

    (e) failing to adequately and timely repair defects to the aforesaid premises;

    (f) failing to correct a dangerous and hazardous condition of which the Defendant was aware or should have been aware;

    (g) failing to warn people lawfully upon the aforesaid premises, such as the Plaintiff, of the aforesaid dangerous condition;

    (h) otherwise failing to provide a safe place for persons lawfully upon the Defendant's premises, such as the Plaintiff, to travel;

    (i) negligence by virtue of the doctrine of *res ipsa loquitor*; and

    (j) negligence by virtue of the doctrine of *respondeat superior*.

85.    Plaintiff, Gladys Soto, in no manner contributed to her own injuries, which were the direct and proximate result of the Defendant's own negligence and/or carelessness.

86.    As a result of the aforesaid negligence of the Defendants, Plaintiff, Gladys Soto, suffered severe injuries, including, but not limited to: lateral epicondylitis, right elbow; ulnar

neuropathy, right elbow; radial tunnel syndrome, right; cubital tunnel syndrome; carpal tunnel syndrome; contusion and bone lesion, right elbow; as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system.  Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which, she has been in the past and will in the future, be unable to engage in her usual activities, all to her great detriment and loss.

87.    As a result of the aforesaid negligence of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite period of time.

88.    As a further result of the aforesaid accident, Plaintiff, Gladys Soto, has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

89.    Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

90.    As a further result of the aforesaid negligence of the Defendant, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable, and severe.

91.    As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

92.    As a further result of the aforesaid accident, Plaintiff has suffered a great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

Case ID: 240600486

WHEREFORE, Plaintiff, Gladys Soto, demands judgment against Defendant, John Does 1-10 (fictitious Defendant(s)), in an amount in excess of Fifty Thousand Dollars ($50,000).

## COUNT X
### GLADYS SOTO v. JOHN DOES 1-10, FICTITIOUS DEFENDANT(S)
### PRODUCTS LIABILITY – STRICT LIABILITY

93.    Plaintiffs hereby incorporate by reference paragraphs one (1) through ninety-two (92) of the within Complaint, as though the same were set forth fully at length herein.

94.    On or about June 4, 2022, Plaintiff, Gladys Soto, was lawfully on the aforesaid premises known as St. Christopher's Hospital for Children located at 160 East Erie Avenue, Philadelphia, PA 19134 in the course and scope of her employment with Xanitos, Inc, and was pushing a linen cart into the elevator, when suddenly and without warning, and as a direct result of the defective and/or dangerous condition upon said premises, as Plaintiff was entering the elevator, the elevator door abruptly and forcefully struck her right elbow, causing Plaintiff to sustain various severe and permanent bodily injuries and losses as more fully set forth below.

95.    Defendant, John Does 1-10 (fictitious Defendant(s)), placed into the stream of commerce a defective product that violated the standards created in *Tincher v. Omega Flex,* 104 A.3d 399 (Pa. 2014).  More specifically, the Defendant placed into the stream of commerce a defective product wherein: (a) the danger of the product was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighed the burden or costs of taking precautions.

96.    Defendant, John Does 1-10 (fictitious Defendant(s)), designed, manufactured, assembled, maintained, installed, marketed, distributed, repaired and/or sold the aforementioned

Case ID: 240600486

elevator system and/or its component parts, including all instruction manuals and associated warnings, which caused, at least in part, Plaintiff's accident.

97.    The accident described herein was caused solely and exclusively by Defendant's defective design, installation, maintenance, and/or manufacture of the aforesaid elevator system and its component parts.

98.    Defendant John Does 1-10 (fictitious Defendant(s)) is strictly liable to Plaintiff as follows:

(a)    designing/manufacturing/distributing/installing/maintaining, and/or selling the subject elevator system, and its component parts in a dangerous condition so as to cause injury to the Plaintiff;

(b)    failing to design, maintain, and/or regulate the subject elevator system and its component parts to timely address and/or safeguard against the elevator's doors abruptly and forcefully slamming shut; failing to timely ensure the elevator doors operated safely and properly when individuals, such as Plaintiff, were maneuvering objects like carts into the elevator;

(c)    failing to properly equip the subject elevator system and its component parts with an appropriate safety mechanism to prevent its elevator doors from slamming shut;

(d)    failing to properly design the subject elevator system and its component parts to warn users when the elevator doors may abruptly and forcefully close;

(f)    creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(g)    failing to exercise the requisite degree of care and caution in the distribution, manufacture, assembly, design, installation, maintenance, and/or sale of the subject elevator system, and its component parts;

(h)    failing to ensure that the subject elevator system and its component parts could be used in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

(i)    failing to warn purchasers and end users of the dangers of the subject product; and

Case ID: 240600486

(j)      any other acts or omissions that may be revealed in discovery.

99.    The accident described herein was due in no manner to negligence on the part of the Plaintiff.

100.    At all times relevant hereto, Defendant's aforesaid elevator system and its component parts were defective and unsafe for consumer use.

101.    At all times relevant hereto, there were latent defects in the Defendant's aforesaid elevator system and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

102.    The Defendant distributed and sold the aforesaid elevator system and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

103.    Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

104.    In addition, John Does 1-10 (fictitious Defendant(s)), designed, manufactured, distributed and sold the elevator system with defective warnings and instructions in violation of the Restatement (Second) of Torts § 402(B).

105.    In that regard, the warnings and instructions were not adequately durable, visible, or conspicuous and failed to convey the risk of harm to the intended users of the aforesaid elevator system and its component parts, such as the Plaintiff.

106.    The defective warnings and instructions caused Plaintiff's injuries.

107.    As a result of the aforementioned conduct of Defendant, Plaintiff suffered severe and permanent injuries, including, but not limited to: ulnar neuropathy, right elbow; radial tunnel syndrome, right; cubital tunnel syndrome; carpal tunnel syndrome; contusion and bone lesion,

right elbow; as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system.

108.    As a result of the aforesaid conduct of the Defendant, Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has been in the past and will in the future be unable to engage in her usual activities, all to her great loss and detriment.

109.    As a further result of the aforesaid conduct of the Defendant, Plaintiff has been and will be obliged to receive and undergo medical attention and care and to expend various sums for the treatment of her injuries and incur such expenditures for an indefinite time in the future.

110.    As a further result of the aforesaid accident, Plaintiff has in the past and may in the future suffer a loss of her earnings and/or earning power, and she may incur such loss for an indefinite period in the future.

111.    Further, by reason of the aforesaid occurrence, Plaintiff has incurred and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

112.    As a further result of the accident described herein, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

113.    As a further result of the accident described herein, Plaintiff has suffered a loss of the enjoyment of her usual duties, avocations, life's pleasures and activities, and the shortening of her life expectancy, all to her great detriment and loss.

114. As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Gladys Soto, demands judgment against the Defendant, John Does 1-10 (fictitious Defendant(s)), in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT XI
### GLADYS SOTO v. JOHN DOES 1-10, FICTITIOUS DEFENDANT(S)
### PRODUCTS LIABILITY - NEGLIGENCE

115. Plaintiffs hereby incorporate by reference paragraphs one (1) through one hundred fourteen (114) of the within Complaint as though the same were fully set forth at length herein.

116. At all times material hereto, Defendant owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in designing and manufacturing the aforesaid elevator system and its component parts, and to sell/distribute that product in a reasonably safe condition.

117. The Defendant was negligent in designing, manufacturing, assembling, marketing, installing, maintaining, and distributing the defectively designed and manufactured elevator system and its component parts, in general, and in particular consisted of the following:

(a) carelessly and negligently distributing, supplying, installing, designing, manufacturing, maintaining, and/or selling the subject elevator system and its component parts in a dangerous condition so as to cause injury to the Plaintiff;

(b) carelessly and negligently failing to implement a safe system for ensuring the subject elevator system and its component parts could be used safely;

(c) carelessly and negligently failing to recognize the inherent possibility that the subject elevator system and its component parts could malfunction and/or fail;

(d) carelessly and negligently failing to properly equip the subject elevator system and its component parts with proper safety equipment;

Case ID: 240600486

(e) carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to end users of its product;

(f) failing to exercise the requisite degree of care and caution in the distribution, manufacture, assembly, design, supply, maintenance, lease and/or sale of the said elevator system and its component parts;

(g) failing to ensure that the subject elevator system and its component parts could be used in a manner which would not cause danger to potential third parties, such as the Plaintiff;

(h) failing to warn purchasers and end users of the dangers of the subject elevator system;

(i) violating the laws of the Commonwealth of Pennsylvania;

(j) violating the laws of the United States;

(k) otherwise failing to use due care and caution under the circumstances; and

(l) such other acts or omissions constituting negligence and/or gross negligence, or wanton conduct, as shall become evident during pretrial discovery and/or at the trial of this case.

118. The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to negligence on the part of the Plaintiff.

119. As a result of the aforementioned negligence, the Plaintiff suffered the injuries described in paragraphs twenty-five (25) through thirty-two (32) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Gladys Soto, demands judgment against the Defendant, John Does 1-10 (fictitious Defendant(s)), in an amount in excess of Fifty Thousand Dollars ($50,000.00).

Case ID: 240600486

## COUNT XII
### GLADYS SOTO v. JOHN DOES 1-10, FICTITIOUS DEFENDANT(S)
### BREACH OF WARRANTY

120.    Plaintiff hereby incorporates by reference paragraphs one (1) through one hundred nineteen (119) of the within Complaint as though the same were fully set forth at length herein.

121.    As a result of the foregoing, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that the subject elevator system and its component parts was merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

122.    As a result of the aforementioned breach, the Plaintiff suffered the injuries described in paragraphs twenty-five (25) through thirty-two (32) herein, which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Gladys Soto, demands judgment against the Defendant, John Does 1-10 (fictitious Defendant(s)), in an amount in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT XIII
### MICHAEL SOTO v. ALL DEFENDANTS
### LOSS OF CONSORTIUM

123.    Plaintiffs hereby incorporate by reference paragraphs one (1) through one hundred twenty-two (122) of the within Complaint, as though the same were fully set forth at length herein.

124.    As a further result of the accident described herein, Plaintiff, Michael Soto, has suffered the loss of earnings, society, consortium and services of his wife, Plaintiff, Gladys Soto, to which he is legally entitled.

Case ID: 240600486

125.    As a further result of the herein accident, Plaintiff, Michael Soto, has been or will be obliged to expend various sums of money and to incur various expenses for the treatment of the injuries which his wife has suffered, and he may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time.

WHEREFORE, Plaintiff, Michael Soto, demands judgment against the Defendants, Otis Elevator Company, Otis Worldwide Corporation, and John Does 1-10 (fictitious Defendant(s)), in an amount in excess of Fifty Thousand Dollars ($50,000.00).

Respectfully,

**SWARTZ CULLETON PC**

By:    /s/ Larissa K. Staszkiw
Brandon A. Swartz, Esquire
Larissa K. Staszkiw, Esquire
Attorneys for Plaintiffs,
Gladys Soto and Michael Soto, w/h

Date:  June 4, 2024

## VERIFICATION

I, _____, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

|  |  |  |
|---|---|---|
| GLADYS SOTO, et al., | : | COURT OF COMMON PLEAS |
|  | : | PHILADELPHIA COUNTY |
| Plaintiffs, | : | CIVIL ACTION – LAW |
|  | : |  |
| v. | : | TRIAL DIVISION |
|  | : | _____ TERM, 2024 |
| OTIS ELEVATOR COMPANY, et al., | : |  |
| Defendant. | : | NO. 240600486 |

*Filed and Attested by the Office of Judicial Records 05 JUL 2024 03:05 pm L. LOWELL*

## STIPULATION TO AMEND PLAINTIFFS' COMPLAINT

It is hereby STIPULATED and AGREED by and between counsel for the Parties that OTIS ELEVATOR COMPANY is a wholly-owned subsidiary of OTIS WORLDWIDE CORPORATION. OTIS ELEVATOR COMPANY is the proper name of the entity which serviced the elevator identified in Plaintiffs' Complaint.

As such, Plaintiffs Gladys Soto and Michael Soto and Defendants Otis Elevator Company and Otis Worldwide Corporation, by and through their undersigned counsel, and pursuant to 231 Pa. Code § 229, hereby file this Joint Stipulation of Dismissal without Prejudice of Defendant Otis Worldwide Corporation.

Dated: July 5, 2024

*/s/ Tayler L. Gill*
Thomas W. Baker (Pa. I.D. No. 320258)
Joseph A. Manno (Pa. I.D. 328518)
Tayler L. Gill (Pa. I.D. No. 333623)
950 Main Avenue, Suite 1100
Cleveland, OH 44113
Phone: (216) 592-5000
Facsimile: (216) 592-5009
E-mail:    thomas.baker@tuckerellis.com
joseph.manno@tuckerellis.com
tayler.gill@tuckerellis.com

*Attorneys for Defendants Otis Elevator Company and Otis Worldwide Corporation*

6522115.1

Case ID: 240600486
Control No.: 24071153

*/s/ Brandon A. Swartz* (with permission)
Brandon A. Swartz (Pa. I.D. No. 78344)
Larissa K. Staszkiw (Pa. I.D. 318362)
547 E. Washington Avenue
Newtown, PA 18940
Phone: (215) 550-6553
Facsimile: (215) 550-6557
E-mail:       bswartz@swartzculleton.com
              lstaszkiw@swartzculleton.com

*Attorneys for Plaintiffs Gladys and Michael Soto*

6522115.1

Case ID: 240600486
Control No.: 24071153

## <u>CERTIFICATE OF SERVICE</u>

I certify that service of a true and correct copy of the foregoing was made on July 5, 2024, to all counsel of record electronically in accordance with Pa.R.C.P. 205.4(g).

Brandon A. Swartz
Larissa K. Staszkiw
Swartz Culleton PC
547 E. Washington Avenue
Newtown, PA 18940

*Attorney for Plaintiffs*

*/s/ Tayler L. Gill*
*One of the Attorneys for Defendants Otis*
*Elevator Company and Otis Worldwide*
*Corporation*

6522115.1

Case ID: 240600486
Control No.: 24071153